PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>          v.<br><br>ISRAEL MAGANA,<br><br>                 Defendant. | CASE NO. 1:22-CR-00196-JLT-SKO<br><br>STIPULATION AND ORDER VACATING STATUS CONFERENCE AND SETTING CHANGE OF PLEA HEARING;<br><br>DATE: 4/3/2024<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on 4/3/2024.

2. By this stipulation, defendant now moves to vacate the status conference and set a change of plea hearing on 6/3/2024, and to exclude time between 4/3/2024, and 6/3/2024, under 18 U.S.C. § 3161(h)(7)(A), B(ii) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

    a)    The government has represented that the discovery associated with this case includes wiretap recordings, thousands of pages of investigative reports, video, audio recordings, cell phone extractions, and other voluminous materials. Discovery has been either produced directly to counsel, made available for inspection and copying, or is being processed for

supplemental discovery.

   b) Counsel for defendant desires additional time to consult with his client, finalize the plea agreement, prepare for the change of plea hearing, and conduct investigation as to mitigation and extenuation for sentencing.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of 4/3/2024 to 6/3/2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii) [Local Code T4] because it is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated: March 26, 2024         PHILLIP A. TALBERT
                  United States Attorney

                  /s/ ANTONIO J. PATACA
                  ANTONIO J. PATACA
                  Assistant United States Attorney

Dated:  March 26, 2024

/s/ KEVIN P. ROONEY
KEVIN P. ROONEY
Counsel for Defendant
ISRAEL MAGANA

**ORDER**

IT IS SO ORDERED.

DATED:    3/29/2024

*Sheila K. Oberto*
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE